IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS E. SNAVELY, III,                )
                                        )
       Plaintiff,                      )
                                        )
  -vs-                                  )   Civil Action No. 17-52
                                        )
NANCY A. BERRYHILL,[1]                  )
COMMISSIONER OF SOCIAL SECURITY,        )
                                        )
       Defendant.                      )

AMBROSE, Senior District Judge

# OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting in part and denying in part Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting in part and denying in part Defendant's Motion for Summary Judgment. (ECF No. 12).

## I.    BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to the Social Security Act. Plaintiff filed his applications alleging disability since November 5, 2013. (ECF No. 8-8, pp. 6, 10). Administrative Law Judge ("ALJ"), David R. Gutierrez, held a hearing on June 16, 2016. (ECF No. 8-3, pp. 2-21). On July 13, 2016, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 35-44).

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Weight of Opinion Evidence

Plaintiff asserts that the ALJ erred in weighing the opinion evidence. (ECF No. 11, pp. 9-11). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's]

3

impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

The statues and regulations provide guidance for evaluating opinion evidence and list factors to consider in weighing them. 20 C.F.R. §404.1527; §404.927; S.S.R. 06-03p. Plaintiff seems to suggest that the ALJ erred in failing to consider each factor separately when weighing the treating physicians' opinions. (ECF No. 11, p. 9). I disagree. While §404.1527 and

4

§416.1927 set forth the framework for the ALJ's assessment of medical evidence and instruct an ALJ to consider factors such as examining relationship, treatment relationship, supportability, consistency, and specialization, the regulations do not dictate how the ALJ should memorialize his or her decision. The ALJ need only adequately explain his or her evaluation of the medical evidence in such a manner so as to allow the reviewing court to conduct a meaningful review and satisfy the court that he or she adhered to the standards. Thus, I find any argument that the ALJ had to specifically address each factor while discussing each opinion to be unpersuasive.

With that in mind, Plaintiff argues that the ALJ erred in relying on the opinion of a non-examining physician, Dr. Bentlif. (ECF No. 11, pp. 7, 9, 11). On March 31, 2016, the ALJ sent medical interrogatories to Dr. Bentlif. (ECF No. 8-20, p. 28). In response, Dr. Bentlif completed the medical interrogatory physical impairment form as well as a medical source statement of ability to do work-related activities. (ECF No. 8-21, pp. 2-11). The ALJ's residual functional capacity ("RFC")[2] determination was very specific and seems to track most of Dr. Bentlif's opinion set forth in the medical source statement. *Compare,* ECF No. 8-2, p. 38 *with* No. 8-21, pp. 6-11. The ALJ, however, fails to discuss, mention or even string cite to Dr. Bentlif's opinion. See, ECF No. 8-2, pp. 35-44. Thus, as the opinion stands, it does not state, suggest or infer that it relied on Dr. Bentlif's opinion in formulating the RFC. *Id.* The review of an administrative order must be judged only upon those bases set forth and disclosed in that order. *Fargnoli v. Massanari*, 247 F.3d 34, 44 n. 7 (3d Cir. 2001).

As set forth above, the ALJ is required to discuss and weigh all medical opinion evidence and give specific reasons for his or her determination. A plaintiff is entitled to know the

---

[2] RFC refers to the most a claimant can still do in a work setting on a regular and continuing basis despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p. The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §416.945(a). In this case, the ALJ found Plaintiff has the RFC to perform light work with a number of exceptions. (ECF No. 8-2, p. 38).

reasons for an ALJ's decision to give a medical opinion a specific weight. It is only after an ALJ justifies his decision for giving an opinion specific weight, that his reasoning can be evaluated. Since the ALJ in this case failed to provide any analysis as to why he ostensibly gave great weight to Dr. Bentlif's opinion, I am unable to make a meaningful review as to whether the very specific RFC is based on substantial evidence. Consequently, remand of this case is warranted.[3]

        An appropriate order shall follow.

---

[3] Plaintiff raises various other arguments in his brief regarding the weighing of medical opinion evidence. (ECF No. 11, pp. 9-11). Since I am remanding as set forth above, these issues will be reevaluated, *de novo*, as well. Therefore, I need not consider the details of the argument it at this time. For clarity purposes, however, I point out that in weighing medical opinions, the ultimate issue of whether an individual is disabled within the meaning of the Act is for the ALJ to decide. Thus, the ALJ is not required to afford any weight to a statement by a medical source that a plaintiff is disabled or unable to work. 20 C.F.R. §04.1527(d) and §416.927(d).

  Plaintiff also argues that the ALJ failed to properly credit his subjective complaints of pain. (ECF No. 11, pp. 12-13). Since I have found that remand is warranted regarding the medical opinion evidence of Dr. Bentlif, the ALJ's credibility determination cannot stand and will be reevaluated, *de novo*.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS E. SNAVELY, III,                )
                                       )
        Plaintiff,                     )
                                       )
    -vs-                               )    Civil Action No. 17-52
                                       )
NANCY A. BERRYHILL,[4]                 )
COMMISSIONER OF SOCIAL SECURITY,       )
                                       )
        Defendant.                     )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 2nd day of August, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 10) is granted in part and denied in part and Defendant's Motion for Summary Judgment (ECF No. 12) is granted in part and denied in part.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.